**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **FOX AUTO SALES, INC.,** | **Chapter 7** |
| **Debtor.** | **Case No. 14-12874-FJB** |
| **HAROLD B. MURPHY, Chapter 7 Trustee of Fox Auto Sales, Inc.,** | |
| **Plaintiff,** | **Adv. Proc. No. 16-01105-FJB** |
| v. | |
| **SHAMROCK FINANCE, LLC** | |
| **Defendant.** | |

## MOTION TO APPROVE STIPULATION

Harold B. Murphy, the Chapter 7 trustee (the "Trustee") of Fox Auto Sales, Inc., the above-referenced debtor (the "Debtor") hereby moves to approve the Stipulation[1] between the Trustee and Shamrock Finance, LLC ("Shamrock" and with the Trustee, the "Parties") pursuant to Federal Rule of Bankruptcy Procedure 9019. In further support of the approval of the Stipulation, the Trustee states as follows:

1. The Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 7 11 U.S.C. §§101, *et seq*. (the "Bankruptcy Code") on June 16, 2014 (the "Petition Date") and the Trustee was subsequently appointed Chapter 7 trustee.

[1] The Stipulation is attached to this motion as Exhibit A.

2. Fox Auto was in the business of selling used automobiles and was owned and managed by Keyan Rouchi ("Rouchi").

3. On or about February 12, 2014, Fox Auto entered into a certain line of credit arrangement with Shamrock (the "2014 Loan"). In connection with the 2014 Loan, Rouchi, both individually and on behalf of Fox Auto, executed a certain Commercial Promissory Note (the "Note") in an amount of up to $30,000 and a certain Collateral Assignment of Vehicle Titles (the "Security Agreement") which purported to assign to Shamrock, as collateral, titles to vehicles purchased with amounts borrowed from Shamrock.

4. Prior to the Petition Date Fox Auto acquired, among others, the following vehicles: 2003 Jeep Liberty; 2003 Nissan Altima; 1999 Toyota Camry; 2000 Toyota Camry; 2001 Toyota Camry; 2002 Saturn Vue; 2005 Hyundai Elantra GT; and 2003 Jeep Liberty Limited (collectively, the "Vehicles").

5. Around the time of the Petition Date, Shamrock took possession of the Vehicles purportedly pursuant to the right granted to it under the Security Agreement (the "Transfers").

6. Shamrock subsequently cause the Vehicles to be sold at auction and received net proceeds from those sales approximately $8,000.

7. The Trustee has asserted that Shamrock failed to perfect any asserted security interest in the Vehicles.

8. On June 1, 2016 Shamrock filed a claim in this case [claim no. 5-2] (as amended, the "Claim") in the amount of $23,583 for asserted obligations of the Debtor under the Note, which Claim does not account for the Transfers or the Vehicles. The Trustee asserts that the Claim is late filed and unenforceable.

9. On June 15, 2016, the Trustee commenced an action captioned as Murphy v. Shamrock Finance, LLC, Adv. Proc. No. 16-1105 by filing a complaint seeking to avoid Shamrock's asserted liens, avoid the Transfers, recover the value thereof for the benefit of the Debtor's estate, and disallow the Claim.

10. Shamrock has raised certain defenses to the Trustee's claims and the Parties have determined to resolve their disputes in order to, among other things, avoid the costs and uncertainties of litigation.

11. The Parties have conferred and have determined in order to, among other things, avoid the costs, delays, and uncertainty of further litigation, to resolve this matter and have entered into the Stipulation which provides, in relevant part and among other things, that:

a. Shamrock shall pay to the Trustee the sum of $8,000 (the "Settlement Payment");

b. In consideration for the Settlement Payment and upon final approval of the Stipulation, the Parties shall mutually release one another from any and all claims and causes of action related to the Transfer, except as otherwise set forth in the Stipulation; and

c. In consideration, among other thing, the mutual releases agreed to by the Parties and upon approval of the final approval of the Stipulation, Shamrock shall waive any and all claims against the Debtors' estate, including those in connection with its Claim.

The Settlement Payment has been placed in escrow and will be paid to the Trustee upon entry of a final order approving the Settlement.

12. The Trustee requests approval of the Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure because it is fair, equitable and in the best interests of the estate. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S. Ct. 1157 (1968); *Jeremiah v. Richardson*, 148 F.3d 17 (1st. Cir. 1998); *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mtg. Corp.)*, 68

F.3d 914 (5th Cir. 1995). In determining whether to approve a settlement, courts consider: (a) the probability of the success in the litigation being compromised, (b) the difficulties, if any, to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay in pursuing the litigation; and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *See Jeremiah*, 148 F.3d at 23 (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)); *see also Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50 (1st Cir. 1998); *In re Lawrence Paperboard Corp.*, 52 B.R. 907, 909 (Bankr. D. Mass. 1985). The Stipulation satisfies these requirements.

13. Following the Trustee's investigation of the likely value of the Vehicles and the potential recoveries in this action, as compared to the risk and uncertainty involved in further litigation of this matter, the Trustee believes the Stipulation provides reasonable consideration to the estate. The Stipulation also effectuates the release of all claims of Shamrock against the estate and brings finality to this dispute, avoiding further cost and delay.

14. Because the proposed compromise fairly balances "the value of the claims being compromised against the value to the estate of the acceptance of the compromise proposal," it is within the bounds of this Court's discretion to approve the proposed settlement. *Desmond*, 70 F.3d at 185. Under these circumstances, the Court should approve the Stipulation.

WHEREFORE, based upon the foregoing, the Trustee requests that the Court enter an order approving the Stipulation and granting such other and further relief as is necessary and proper under the circumstances.

Respectfully Submitted,

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE OF FOX AUTO SALES, INC.,

By his counsel,

*/s/ Christopher M. Condon*
Christopher M. Condon (BBO #652430)
Murphy & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
Phone: (617) 423-0400
Facsimile: (617) 556-8985
ccondon@murphyking.com

Dated: November 17, 2016